## TWIN CITY PRODUCTS CO. v. NANCE.
### (No. 2521.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 9, 1922.)

**1. Corporations ⬉⬊432(12)—Finding that defendant's foreman had authority to hire traveling salesman sustained.**

In an action by a traveling salesman against his employer for compensation, evidence *held* to support a finding that defendant's foreman and sales manager, who was assisting defendant's president and general manager, had authority to act for defendant in hiring plaintiff, and that the president and general manager led plaintiff to believe that such foreman had authority to do so.

**2. Corporations ⬉⬊432(6)—Evidence as to authority of defendant's foreman to hire plaintiff as traveling salesman held admissible.**

In a traveling salesman's action against his employer for balance under a contract of employment, evidence as to the making of the contract by defendant's foreman and sales manager in the presence of defendant's president and general manager, and as to transactions and discussions relative to samples and prices, together with letters signed by defendant confirming the contract and letters inclosing checks for plaintiff's salary and expenses, *held* admissible to show that the foreman was authorized by the president to act for defendant in making the contract.

**3. Corporations ⬉⬊432(12)—Evidence held to disclose estoppel by defendant to deny hiring of traveling salesman.**

In a traveling salesman's action against his employer for balance due on contract of employment, evidence that defendant's foreman and sales manager made the contract in the presence of defendant's president and general manager, who acquiesced therein, and as to transactions and consultations regarding samples and prices, and also as to correspondence inclosing salary and expense checks, *held*

sufficient to warrant a finding that defendant was estopped to deny that the foreman and sales manager was authorized to hire plaintiff.

**4. Corporations ⬤═516—Estoppel to deny authority to hire held properly set up in supplemental petition.**

In a traveling salesman's action against his employer for a balance due on a contract of employment, plaintiff was not prevented from setting up an estoppel of defendant to deny the authority of its foreman in hiring him, merely because it was set up in the supplemental instead of the original petition.

**5. Corporations ⬤═432(5)—Burden not on employee to show that person hiring him was authorized to do so by employer's board of directors.**

In a traveling salesman's action against his employer to recover a balance due under a contract of employment, wherein the authority of defendant's foreman to hire plaintiff was questioned, it did not devolve on plaintiff to show that the foreman was authorized by defendant's board of directors to make the contract, which was made in the presence of defendant's president and with his knowledge and approval.

Appeal from Bowie County Court; O. B. Pirkey, Judge.

Action by M. L. Nance against the Twin City Products Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Keeney & Dalby, of Texarkana, for appellant.

Elmer L. Lincoln, of Texarkana, for appellee.

WILLSON, C. J. This was a suit by appellee against appellant, a corporation, to recover $341.33 which the former claimed the latter owed him under the terms of a contract between them. In his petition appellee alleged that appellant, "acting by and through W. E. Daniels and W. F. Beeler," employed him to work for it, "as a traveling salesman for the year 1921 at a guaranteed salary of $125 per month, and $35 per week for expenses, which salary was payable monthly, and expenses were due and payable weekly." And he alleged that appellant failed to pay him $21.33 of the salary due him for March, the salary due him for April and May, and the $35 expenses due him for the last two weeks of April.

With the exception of certain letters written by Beeler to appellee, the only testimony at the trial as to the nature of the contract in question was that given by appellee and Daniels (appellant's president and general manager) as witnesses. According to the testimony of appellee the contract was on the terms alleged in his petition. According to the testimony of Daniels, appellant was not to pay appellee a fixed sum as a salary, but was to pay him a commission on sales he made, and was to advance him $125 at the end of each month on account of his services and $35 a week for traveling expenses, both of which sums were to be deducted from commissions earned by him. Appellee testified that the contract he made was with Beeler, acting for appellant. Daniels testified that the contract was with him, acting for appellant; and he further testified that Beeler had no right to act for appellant in making such a contract. On special issues submitted to them the jury found that the contract with appellee was made by Beeler acting for appellant, that appellant authorized Beeler to make it, and that it was, as claimed by appellee, to pay him $125 per month for his services and $35 per week for expenses. The jury also found "that appellant or its president, Daniels, by words or conduct," led appellee "to believe that Beeler had authority to make the contract," and that appellee in entering into it relied "upon what reasonably appeared to him to be authority in the said Beeler to make said contract," and further found that appellee did not agree with Daniels to work for appellant for a commission on sales he might make. On the findings specified and others made by the court judgment was rendered in appellee's favor for $216.33.

[1-5] The main contention on the appeal is that the testimony did not warrant the finding that Beeler had authority to act for appellant, nor the finding that Daniels led appellee to believe Beeler had such authority. But we think it did. Beeler owned stock in the appellant company, was the foreman of its candy making and shipping department, sales manager thereof, and assisted Daniels in doing office work. The contract was made in Daniels' office, Beeler acting for appellant; but Daniels was also in the office and within hearing distance of Beeler and appellee during the time they discussed the terms of the contract, the latter testified; and at the conclusion of the negotiations, when Beeler remarked to Daniels that "Mr. Nance is going to be with us next year," Daniels replied, "All right," appellee further testified. Directly thereafter Daniels went with Beeler and appellee to appellant's candy factory, where they "went over the candy lines," and then returned to the office, where the three "examined and discussed a candy sample case that was to be used in carrying and displaying samples of the candy to be sold," appellee testified. Two days after the parties entered into the contract appellee, who had gone to Shreveport, received a letter signed "Twin City Products Company," "B.," in which the terms of the contract as appellee testified they were agreed upon were recited and confirmed, with this exception, that the recital in the letter was that appellant was to pay appellee's "expenses," whereas he testified that appellant was to pay him

$35 a week for expenses. Appellee's wife later received a letter signed "T. C. P. C.," "B.," which was accompanied by appellant's check for $125, and in which appreciation of appellee's services was expressed, and appellee received several letters signed by Beeler, remitting to appellee sums of $35 for expenses, advising him of stationery and of samples of its goods sent to him by appellant, and directing him as to prices at which he was to sell the goods, etc. Practically all the testimony as to the matters mentioned was objected to, but we think it was admissible, and, if it did not warrant the finding that Beeler was authorized by Daniels to act for appellant in making the contract, did warrant a finding that appellant was estopped to deny he was authorized to so act. 14a C. J. § 1862, p. 94, section 2228, p. 368, and section 2229, p. 371, and authorities there cited. The contention that appellee was not entitled to assert estoppel against appellant because same was set up in a supplemental instead of the original petition is not tenable. The plea of estoppel was in reply to allegations in appellant's answer denying authority in Beeler to bind it by the contract, and was properly set up in a supplemental petition. And the contention that it devolved on appellee to show that Beeler was authorized by appellant's board of directors to make the contract we think also is not tenable. Daniels admittedly was appellant's general manager, and as such undoubtedly had power to make the contract. If it was made in his presence with his knowledge and approval, as the jury might have concluded it was, it was in legal effect made by him, notwithstanding it was negotiated by Beeler. Authorities cited above.

Contentions made by the assignments and not disposed of by what has been said are believed to be without merit and are overruled.

The judgment is affirmed.